# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JUDY FISKE and JEANNE KAMPS LINDWALL ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 05 C 3568 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| CHERYL WOLLIN, NORTHWESTERN UNIVERSITY, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Judy Fiske ("Fiske") and Jeanne Kamps Lindwall ("Lindwall") have sued Cheryl Wollin ("Wollin"), Northwestern University ("Northwestern," "the University"), and certain officials of the City and Township of Evanston ("the nominal defendants") in connection with an April 5, 2005 aldermanic election in Evanston, Illinois. The plaintiffs allege that Northwestern and Wollin were engaged in a "vote-buying" scheme designed to help Wollin win the election. Three separate motions to dismiss have been filed by the various defendants. For the following reasons, the defendants' motions to dismiss are granted.

## BACKGROUND

On April 5, 2005, the City of Evanston held a consolidated election. Fiske and Wollin were candidates (and the only candidates) in the race for First Ward Alderman. Ten days later, on April 15, the Canvassing Board announced the results: Wollin had been elected over Fiske by 81 votes.

1

On May 19, 2005, the plaintiffs filed a complaint in the Circuit Court of Cook County. The suit alleged that Wollin and Northwestern, through the latter's agents and employees, had conspired to encourage voters to vote for Wollin and to discourage voters from voting for Fiske. The alleged conspiracy involved various forms of wrongful conduct on Wollin's and Northwestern's part. For example, the plaintiffs claimed that Northwestern students were given a number of benefits in exchange for registering and voting in the election, including advantages in obtaining student housing assignments, and free admission to a party featuring live entertainment and free food and drink. The complaint also alleged that Northwestern urged students living in university housing to vote in the Evanston election, telling students that doing so would not affect their state citizenship and thus would not impair their ability to receive financial aid in their home states. The plaintiffs further claimed that Wollin and Northwestern employees circulated, and encouraged the University's student organizations to circulate, derogatory emails about Fiske, asking students to vote for Wollin. Northwestern also allegedly allowed Wollin to "campaign to" students residing in university housing while refusing Fiske access to the same students. Finally, the suit claimed that Northwestern encouraged students to vote in Evanston "from an address from which they had moved more than 30 days prior thereto," allegedly telling students that if their right to vote were challenged at the polling place, the students could show their university identification cards, which do not disclose their residences.

The complaint asserted several causes of action based on these allegations, including violations of the Illinois Election Code, the Illinois Constitution, as well as the First and Fourteenth Amendments of the U.S. Constitution. In addition, the suit asserted an "election contest" claim, which sought to reverse the results of the April 5 election. The plaintiffs also

filed an "election contest" pleading before the Evanston City Council. The Cook County Circuit Court subsequently found that it lacked jurisdiction over the election contest claim, apparently on the ground that under Illinois law, the Evanston City Council was required to adjudicate the claim.[1] In addition, the court transferred the plaintiffs' remaining civil rights claims to a different division of the Cook County Circuit Court.

The defendants later removed the case to this court. The plaintiffs then filed an amended complaint and, some months later, were granted leave to file a second amended complaint. The second amended complaint, which is currently before the court, consists of two counts: Count I alleges that Northwestern violated 42 U.S.C. § 1983 ("section 1983") and 42 U.S.C. § 1985 ("section 1985") by engaging in a fraudulent scheme to elect Wollin. Count II, which is brought pursuant to the court's supplemental jurisdiction, asks the court to exclude the alleged illegal and fraudulent votes, to order a recount, and to declare Fiske the victorious candidate. Separate motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) have been filed by Northwestern, Wollin, and by the electoral officials named as "nominal defendants" in the complaint. Northwestern's and Wollin's motions to dismiss are largely based on the same grounds and therefore are considered together in what follows.[2] The nominal defendants' motion, which raises very different issues, is considered separately below.

---

[1] According to the plaintiffs, the Evanston City Council never decided the election contest claim. Apparently, several of the Council's members had made contributions to Wollin's legal defense fund and accordingly recused themselves from hearing the matter. As a result, the Council lacked a sufficient number of members to constitute a quorum and was unable to decide the dispute.

[2] When discussing Northwestern's and Wollin's motions to dismiss, the court will refer to both parties as "the defendants."

**DISCUSSION**

**I. LEGAL STANDARD**

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the factual allegations in the plaintiff's complaint as true. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993). The court then considers whether any set of facts consistent with the allegations could support the plaintiff's claim for relief. *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992). A complaint need only contain enough facts to put the defendant on notice of the claim so that an answer can be framed. *Flannery v. Recording Indus. Assoc. of America*, 354 F.3d 632, 639 (7th Cir. 2004). Dismissal should be granted only if it is "beyond doubt" that the plaintiff cannot prove any set of facts to support a claim entitling him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**II. COUNT I**

Count I of the complaint alleges that Northwestern and Wollin violated section 1983 by violating the plaintiffs' rights under the First and Fourteenth Amendments. Additionally, Count I alleges that Northwestern and Wollin violated section 1985 by conspiring to deprive the plaintiffs of their First and Fourteenth Amendment rights. The court discusses each in turn.

**A. Section 1983**

In order to establish a violation of section 1983, a plaintiff must show (1) state action and (2) the deprivation of a right secured by the Constitution or laws of the United States. *Holcomb v. De Larkins*, 85 C 1138, 1985 WL 1715, at *1 (N.D. Ill. June 6, 1985) (citing *Moore v.*

*Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1339 n.1 (7th Cir. 1985)). Since both Northwestern and Wollin are private parties, the state action requirement is not met.

It is of course true that private conduct may constitute state action under certain circumstances. *See, e.g.*, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 224 (1970)) ("[I]t is possible for private action in some circumstances to constitute state action violating a constitutional right, and such action amounts to 'deprivation' within the meaning of s[ection] 1983."). For example, courts have found private parties to be state actors where the state and the private party maintain a sufficiently interdependent or symbiotic relationship; where the state requires, encourages, or is otherwise significantly involved in nominally private conduct; and where the private person or entity exercises a traditional state function. *Ridlen v. Four County Counseling Center*, 809 F. Supp. 1343, 1346-47 (N.D. Ind. 1992) (citing 1 Sheldon H. Nahmod, Civil Rights and Civil Liberties Litigation: The Law of Section 1983 § 2.04 (1991)).

Plaintiffs attempt to rely on a number of these theories in order to support their contention that Northwestern and Wollin are state actors for section 1983's purposes. Specifically, plaintiffs claim that Northwestern can be deemed a state actor because the University was commissioned as a deputy registrar by the Cook County Clerk and therefore acted as an agent of the state in registering individuals to vote. Plaintiffs similarly argue that Northwestern was a state actor by virtue of the fact that in registering students to vote, it performed a traditional state function. Finally, plaintiffs claim that in registering students to vote, Northwestern was engaged in a joint venture with the state and therefore may be deemed a state actor.

All of plaintiffs' allegations of state action ultimately hinge on the fact that Northwestern employees, and students designated by Northwestern employees, were commissioned pursuant to Illinois law as deputy registrars. That the University acted in such a capacity, however, is insufficient to make the University a state actor. The statute pursuant to which the University was deputized expressly contemplates that any number of organizations and individuals will be deputized as registrars, including the chief librarians of public libraries; high school and grade school principals; duly elected or appointed officials of labor or civic organizations; the presidents of businesses or corporations; and "as many additional deputy registrars as [the County Clerk] considers necessary." *See* 10 ILCS 5/5-16.2. Under the statute, the role of deputy registrars appears limited to accepting registrations and transmitting them to the appointing election authority. *Id*. The notion that every entity or person deputized under the statute *eo ipso* becomes a state actor is implausible. Plaintiffs have failed to point to any case – and the court has found none – in which a private party has been deemed a state actor simply by assisting citizens in registering to vote. Nor is the court persuaded by plaintiffs' attempt to analogize assistance by private parties in registering citizens to vote to forms of ostensibly private conduct that have been found to constitute state action.[3]

---

[3] Plaintiffs' reliance on *Duke v. Smith,* 13 F.3d 388 (11th Cir. 1994), for example, is misplaced. *Duke* involved a "Presidential Candidate Selection Committee," whose members selected the candidates that were allowed to appear on the Florida presidential primary ballot. Northwestern's role in merely registering individuals to vote involves nothing like the authority given to the candidate selection committee in *Duke*. The other cases cited by the plaintiffs are even wider of the mark. *Lebron v. National R.R. Passenger Corp.*, 513 U.S. 374 (1995), for example, held that where the Government "creates a corporation by special law, for the furtherance of governmental objectives, and retains for itself permanent authority to appoint a majority of the directors of that corporation, the corporation is part of the Government for purposes of the First Amendment." *Id*. at 400. Similarly, *Clark v. County of Placer*, 923 F. Supp. 1278 (E.D. Cal. 1996), held that a nonprofit corporation organized under state law that was operated for the purpose of addressing local governmental objectives and that was

The failure of plaintiffs' section 1983 claim is even more clear with respect to Wollin: unlike their allegations regarding Northwestern, plaintiffs do not claim that Wollin participated in voter registration. Nor do the plaintiffs provide any further basis on which Wollin might plausibly be deemed a state actor. Since the plaintiffs have failed to provide any basis for believing that Northwestern or Wollin may be considered state actors, Count I is dismissed insofar as it alleges a violation of section 1983.

### B. Plaintiffs' Section 1985 Claim

In addition to alleging a violation of section 1983, Count I also alleges a violation of 42 U.S.C. § 1985(3). Section 1985 prohibits individuals from conspiring in order to deprive a person of equal protection of the laws. *See, e.g.*, *Simonsen v. Board of Educ. of City of Chicago*, No. 01 C 3081, 2001 WL 1250103, at *6 (N.D. Ill. Oct. 17, 2001). The complaint alleges that the defendants have violated section 1985 in two respects – one based on violation of the plaintiffs' First Amendment rights, the other based on violation of their Fourteenth Amendment rights.

Defendants argue that plaintiffs' section 1985 claim fails for two reasons: first, defendants argue that section 1985 prohibits only conspiracies involving equal protection, not

---

controlled by a county Board of Supervisors, should also be treated as the county government for section 1983 purposes. Since Northwestern University is not a corporation organized by and controlled under state law for the purpose of carrying out municipal functions, neither *Lebron* nor *Clark* is apposite. Finally, the Supreme Court's decision in *Smith v. Allwright*, 321 U.S. 649, 663 (1944), bears little relevance to this dispute. *Allwright* involved a suit by an African-American who claimed that election judges had refused to allow him to vote in a 1940 primary election because of his race. In that case, the Court found that the conduct of a political party, not the conduct of deputy registrars, could be considered state action. Moreover, this case, unlike *Allwright*, involves no allegations of racial discrimination.

conspiracies directed at First Amendment rights. The court agrees. *See, e.g.*, *Feng v. Sandrik*, 636 F. Supp. 77, 84 n.7 (N.D. Ill. 1986) ("[T]he scope of substantive rights protected through § 1985(3) actions does not include those contained in the First Amendment."). Defendants also correctly point out that section 1985 prohibits conspiracies involving equal protection only where the conspiracy is based on race or is in some way class-based. *See, e.g.*, *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993) ("[I]n order to prove a private conspiracy in violation of the first clause of § 1985(3), a plaintiff must show, *inter alia,* (1) that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action."); *Allen v. City of Chicago*, 828 F. Supp. 543, 564 (N.D. Ill. 1993) ("Respecting the scope of substantive rights protected through § 1985(3), the Seventh Circuit has explicitly held that conspiracy claims brought pursuant to this statute do not reach nonracial, political conspiracies.") (citing *Grimes v. Smith*, 776 F.2d 1359, 1366 (7th Cir. 1985)). The complaint fails to provide even the slightest hint that the alleged conspiracy between Northwestern and Wollin was race- or class-based; the plaintiffs' response brief similarly is silent on the question. Hence, plaintiffs' section 1985 claim is dismissed.

Because plaintiffs are unable to make out claims under either section 1983 or section 1985, Northwestern's and Wollin's motions to dismiss Count I are granted.

## IV. COUNT II

Count II is an "election contest" claim pursuant to 10 ILCS 5/23-1.1 *et seq.*, seeking a recount of the April 5, 2005 election, an order declaring Fiske to be the winner of the election, as well as compensatory and punitive damages and attorneys' fees. Based solely on alleged violations of state law, Count II is purportedly before the court pursuant to the supplemental

8

jurisdiction statute. The supplemental jurisdiction statute provides that a court sitting in diversity may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

As provided by subsection (3) above, the court, having dismissed the claim over which it had original jurisdiction, now declines to exercise jurisdiction over the plaintiffs' state law claim. Even if Count I survived dismissal, moreover, the court would decline to exercise supplemental jurisdiction under subsection (4). Specifically, principles of federalism, comity, and institutional competence constitute compelling reasons against the court's exercise of jurisdiction over Count II. While federal courts have the power to void election results, such a remedy is "[d]rastic, if not staggering," and is "therefore a form of relief to be guardedly exercised." *Bell v. Southwell*, 376 F.2d 659, 662 (5th Cir. 1967); *see also Soules v. Kauaians for Nukolii Campaign Committee*, 849 F.2d 1176, 1182-83 (9th Cir. 1988) ("While we are mindful that federal courts have a duty to ensure that national, state and local elections conform to constitutional standards, we undertake that duty with a clear-eyed and pragmatic sense of the special dangers of excessive judicial interference with the electoral process."). The court is hard-pressed to imagine a greater intrusion into state and local affairs than that of ordering a recount of Evanston's election and installing Fiske as First Ward Alderman. Moreover, in requesting a recount, the plaintiffs ask,

among other things, for "an examination of the relevant voting devices, punch card ballots, voters' applications for ballots, precinct binder cards (and their computerized equivalent), affidavits and other materials from said precinct." Pl.'s 2d Am. Compl., at 66. These are matters that the court is simply ill-equipped to handle. The court therefore declines to exercise supplemental jurisdiction over Count II.

## V. THE NOMINAL DEFENDANTS

Finally, in addition to Wollin and Northwestern, the complaint names as nominal defendants David D. Orr ("Orr"), as Cook County Clerk and Mary P. Morris ("Morris"), as Clerk for the City and Township of Evanston. It also names five individuals as members of the Canvassing Board of the City and Township of Evanston (viz., Morris, Lorraine H. Morton, Herbert D. Hill, Gene Feldman, and Patricia A. Vance) (collectively, "the Board Members"). Plaintiffs do not allege any wrongdoing on the part of any of these defendants. Rather, plaintiffs claim that these individuals must be named as nominal defendants because they "must preserve any election materials which might be in their possession and must proclaim any changed result that might be ordered by the Court as a result of the election contest claim." Resp., at 11. Since the court has dismissed the complaint's substantive claims against Northwestern and Wollin, there is no longer any need (if there ever had been a need) to name these entities and individuals as defendants to the suit. Hence, the nominal defendants' motion to dismiss is granted.

**CONCLUSION**

For the foregoing reasons, the defendants' motions to dismiss are granted.

ENTER:

/s/_____
JOAN B. GOTTSCHALL
United States District Judge

Dated: 8/21/06